IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TODD MONROE TERRELL, #73304                                            PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:24-cv-722-CWR-LGI

M.D.O.C., ET AL.                                                       DEFENDANTS

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I. <u>BACKGROUND</u>

On November 12, 2024, pro se Plaintiff Todd Monroe Terrell ("Plaintiff"), a post-conviction inmate of the Mississippi Department of Corrections, filed this Complaint under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. *See* Order [8].

Plaintiff's Complaint is subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(e)(2)(B). As part of that screening, the Court entered an Order [17] requiring Plaintiff, on or before April 25, 2025, to file a written response providing specific information about his claims. Order [14] at 1. The Order [14] warned Plaintiff that failure to fully comply with the requirements of the Order or any Order of this Court in a timely manner would result in the dismissal of this case. *Id.* at 2.

When Plaintiff failed to comply, the Court entered an Order to Show Cause [19] directing Plaintiff to comply on or before May 22, 2025. The Order to Show Cause [19] also warned Plaintiff that a failure to comply would result in the dismissal of this case. The Order to Show Cause [19] was mailed to Plaintiff at his address of record, which at that time and presently is the

Mississippi State Penitentiary.

When Plaintiff again failed to comply or respond, the Court entered a Final Order to Show Cause [20] directing Plaintiff to comply on or before June 18, 2025. The Final Order to Show Cause [20] warned Plaintiff that his failure to timely comply would result in the dismissal of this case without further written notice. The Final Order to Show Cause [20] was also mailed to Plaintiff at the Mississippi State Penitentiary.

On July 1, 2025, Plaintiff filed a Notice [21] of change of address wherein he notified the Court that his address is the Mississippi State Penitentiary. In his Notice, Plaintiff also asked the Court to not dismiss his case, but he failed to comply with the Court's prior Orders. Since Plaintiff is proceeding pro se, the Court provided him with one final opportunity to comply with the Court's Orders.

On July 2, 2025, the Court entered an Order Extending Time To Comply With Final Order To Show Cause [22]. This Order [22] extended Plaintiff's deadline to comply to July 16, 2025. The Court also noted that Plaintiff previously filed a Notice [18] of change of address with the Court reflecting that he is housed at the Mississippi State Penitentiary, and the Court mailed copies of both Show Cause Orders to Plaintiff's attention at the Mississippi State Penitentiary. The Order "warn[ed] Plaintiff that this is his <u>final</u> opportunity to comply with the Court's Orders prior to the dismissal of this case." Order [22] at 1–2 (emphasis in original). The Order [22] directed the Clerk to mail a copy of the Order along with copies of the Final Order to Show Cause [20], and the Second Order Requiring Plaintiff to Respond [17] to Plaintiff at the Mississippi State Penitentiary. The Order [22] closed by warning Plaintiff that "his failure to fully comply with this Order before July 16, will result in the dismissal of this case without further notice to the Plaintiff." *Id*. at 2. Plaintiff has not responded to this Order or

2

otherwise contacted the Court.

Plaintiff has failed to comply with four court orders.  The Court warned Plaintiff on no less than ten occasions that failure to comply with a court order would lead to the dismissal of this case.  *See* Orders [22],[20],[19],[17],[14],[13],[8],[5],[4], Not. of Assign. [1-2].

II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").  The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629–30.

Plaintiff has failed to comply with four Court Orders after being warned that failing to do so would result in the dismissal of his lawsuit.  The Court has employed lesser sanctions than dismissal in the form of explicit warnings that Plaintiff's failure to comply could result in the dismissal of this case.  *See Bohannan v. Redic,* No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (finding district court's two explicit warnings to pro se prisoner that noncompliance may result in dismissal was adequate use of lesser sanctions for a failure to prosecute dismissal).  The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile."  *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir.

3

2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   Dismissal without prejudice is warranted.  *See, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of § 1983 case for pro se plaintiff's failure to comply even though prisoner-plaintiff filed many other pleadings during the relevant time).

III.  CONCLUSION

For these reasons, Plaintiff's Complaint filed under 42 U.S.C. § 1983 is dismissed for Plaintiff's failure to prosecute and comply with the Court's Orders.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.

**SO ORDERED AND ADJUDGED**, this the 30th day of July, 2025.

*s/ Carlton W. Reeves*
UNITED STATES DISTRICT JUDGE